UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JUAN VELAZQUEZ-MORALES,<br><br>                              Defendant. | Case No.: 20mj20275-MDD-JLS<br><br>**ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION** |

Pending before the Court is Defendant's appeal from the Order of the Magistrate Judge denying Defendant's motion to prevent his civil arrest in court (ECF No. 34). The Court has considered the parties' submissions as well as the applicable law and concludes that Defendant's appeal must be dismissed for lack of jurisdiction.

**Background**

Defendant Juan Velazquez-Morales is charged with a misdemeanor offense of improper attempted entry by an alien in violation of 8 U.S.C. § 1325(a)(1). (ECF No. 1.) Defendant is released on bond and a bench trial is currently set before Magistrate Judge Mitchell D. Dembin on October 26, 2020. (ECF No. 49.)

On August 6, 2020, a motion hearing was held before Magistrate Judge Dembin and Defendant, through counsel, made an oral motion to prevent immigration authorities from arresting him at the courthouse following conclusion of the criminal proceedings. (Transcript, ECF No. 36 at 15.) The Magistrate Judge denied the motion, finding that he lacked the authority to "prospectively order the border patrol to do or not do anything." *Id.*

1  at 19.  This appeal, timely filed on August 14, 2020, followed.

## Analysis

Pursuant to Rule 58(g)(2)(A), a person may bring an interlocutory appeal from an order of a magistrate judge "if a district judge's order could similarly be appealed." Typically, a district judge's order may be appealed only if it is a final decision.  Courts of appeal do not have jurisdiction "until there has been a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.""  *Van Cauwenberghe v. Baird,* 486 U.S. 517, 521 (1988), quoting *Catlin v. United States*, 324 U.S. 229 233 (1945).  An exception to this rule exists under the collateral order doctrine.  Under this doctrine, an order may be immediately appealed if it satisfies each of three conditions: "it must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."  *Id.* at 522, quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978).  These conditions are stringent, and efforts to expand the scope of the collateral order doctrine have been repeatedly rebuffed.  *United States v. Academy Mortgage Corp.,* 968 F.3d 996, 1002 (9th Cir. 2020) (quotations omitted).

In the Court's view, Defendant's appeal fails on each of these requirements.  First, the Magistrate Judge held that he lacked the authority to issue relief, he did not rule on the merits of Defendant's motion.  The Magistrate Judge noted that a more appropriate avenue for the relief sought by Defendant would be through a writ of mandamus[1] or a civil lawsuit naming the Department of Homeland Security as a party.  However, there was no conclusive determination of the disputed question.

---

[1] A petition for a writ of mandamus was brought against the Magistrate Judge by a different person charged with an illegal entry offense in the Southern District of California. *Teczon-Marin, et al., v. Dembin*, 20-CV-1493-LAB (S.Dist. CA). Chief Judge Burns dismissed the petition on grounds not related to the question of courthouse arrests, but on that issue noted that the plaintiff would suffer no irreparable harm and that the Magistrate Judge lacked the authority to issue injunctive relief. *Id.,* ECF No. 8.

Second, the order did not resolve an important issue. Although the issue was certainly separate from the merits of the action, it did not touch on an issue important in the context of the action, a criminal proceeding pending in this Court. Defendant does not allege any prejudice to his defense resulting from the Magistrate Judge's order. If Defendant is convicted after his trial, being taken into immigration custody will not be unwarranted. Defendant will have suffered no harm other than being arrested at a location he believes is not permitted. The Court is not persuaded that this interest is sufficient to merit expanding the narrow scope of the collateral order doctrine. Finally, Defendant's claim can be adequately, and appropriately, vindicated by other means.

For these reasons, the Court concludes that the collateral order doctrine is not applicable in this case and will dismiss Defendant's appeal for lack of jurisdiction. However, even if the Court were to consider the merits of Defendant's claim, the Court would find no error because the Magistrate Judge was correct in his conclusion that he could not issue injunctive relief. Defendant's attempts to cast his motion as something other than a request for prospective relief are unpersuasive. Second, even if the Magistrate Judge did possess such authority, the motion would have been properly denied because the entity sought to be enjoined, the Department of Homeland Security, was not a party to the action. Finally, the Court agrees with the conclusion of the First Circuit in *Ryan v. U.S. Immigration & Customs Enforcement*, 2020 WL 5201945 (1st Cir. Sept. 1, 2020), that the common law privilege against courthouse arrests does not apply to civil immigration arrests.[2]

///
///
///

---

[2] In *Ryan*, the First Circuit vacated a preliminary injunction prohibiting courthouse arrests and found that the plaintiffs "failed to demonstrate that they are likely to succeed in showing that the common law privilege against courthouse arrests clearly applied to civil immigration arrests." 2020 WL 5201945 *9.

## Conclusion

For the reasons set forth above, the Court finds that it lacks jurisdiction to consider Defendant's appeal. Accordingly, Defendant's appeal is HEREBY DISMISSED.

IT IS SO ORDERED.

Dated: October 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge